Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Kelsey M. Schultz (SBN 328159)
kschultz@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAUBER BROTHERS, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>MAISON DU SOIR, INC., a California corporation; ANTHROPOLOGIE, INC., a Delaware corporation; NORDSTROM, INC., a Washington corporation; SAKS & COMPANY, LLC, a Delaware limited liability company; ZAPPOS.COM, LLC, a Delaware limited liability company and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>  1. COPYRIGHT INFRINGEMENT and<br><br>  2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

- 1 -

COMPLAINT

Plaintiff Klauber Brothers, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

### JURISDICTION AND VENUE

1.     This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2.     This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

### PARTIES

4.     Plaintiff Klauber Brothers, Inc. ("Klauber") is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York and Los Angeles, California.

5.     Plaintiff is informed and believes and thereon alleges that Defendant Maison Du Soir, Inc. ("Maison"), is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 4256 Lobos Rd, Woodland Hills, California 91364, and is doing business in and with the State of California and this District.

6.     Plaintiff is informed and believes and thereon alleges that Defendant Anthropologie, Inc. ("Anthropologie"), is a corporation organized and existing under the laws of the state of Delaware, with its principal places of business located at 5000 South Broad Street, Philadelphia, Pennsylvania 19112, and is doing business in and with the State of California and this District.

7.     Plaintiff is informed and believes and thereon alleges that Defendant Nordstrom, Inc. ("Nordstrom") is a corporation organized and existing under the laws of the state of Washington, with its principal places of business located at 1617

- 2 -

6th Ave, Seattle, Washington 98101, and is doing business in and with the State of California and this District.

8.   Plaintiff is informed and believes and thereon alleges that Defendant Saks & Company, LLC ("Saks") is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business located at 225 Liberty Street, 31st Floor, New York, New York 10281.

9.    Plaintiff is informed and believes and thereon alleges that Defendant Zappos.com LLC ("Zappos"), is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business located at 400 E. Stewart Avenue, Las Vegas, Nevada 89101

10.  Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which Doe Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments bearing lace manufactured with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

11.  Defendants Does 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been

COMPLAINT

1  ascertained.

2      12.  Plaintiff is informed and believes and thereon alleges that at all times

3  relevant hereto each of the Defendants was the agent, affiliate, officer, director,

4  manager, principal, alter-ego, and/or employee of the remaining Defendants and was

5  at all times acting within the scope of such agency, affiliation, alter-ego relationship

6  and/or employment; and actively participated in or subsequently ratified and

7  adopted, or both, each and all of the acts or conduct alleged, with full knowledge of

8  all the facts and circumstances, including, but not limited to, full knowledge of each

9  and every violation of Plaintiff's rights and the damages to Plaintiff proximately

10  caused thereby.

## CLAIMS RELATED TO DESIGN 608

11

12      13.  Prior to the conduct complained of herein, Plaintiff composed an original

13  two-dimensional artwork for purposes of lace production. It allocated this design an

14  internal design number 608 ("Subject Design"). This artwork was a creation of

15  Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned

16  in exclusively by Plaintiff.

17      14.  Plaintiff owns a United States Copyright Registration covering the Subject

18  Design under Registration No. VA 1-339-222.

19      15.  Prior to the acts complained of herein, Plaintiff sampled and sold lace

20  bearing the Subject Design to numerous parties in the fashion and apparel industries.

21      16.  Following this distribution of products, Plaintiff's investigation revealed

22  that certain entities within the fashion and apparel industries had misappropriated the

23  Subject Design and were selling fabric and garments bearing illegal reproductions

24  and/or derivations of the Subject Design.

25      17.  Plaintiff is informed and believes and thereon alleges that, without

26  Plaintiff's authorization, Maison created, sold, manufactured, caused to be

27  manufactured, imported and/or distributed fabric and/or products incorporating

28

COMPLAINT

fabric that bears artwork identical to or substantially similar to the Subject Design ("Infringing Products"). Such items include but are not limited to the products sold by the following Defendants:

(A) Anthropologie bearing the "Maison Du Soir" label under Style No. 49396351 and offered for sale at https://www.anthropologie.com/shop/maison-du-soir-grace-silk-sleep-top?quantity=1;

(B) Nordstrom bearing the "Maison Du Soir" label under Style No. 10245 and offered for sale at https://www.nordstromrack.com/s/maison-du-soir-grace-silk-pajama-tank/n3184945?color=DARKNAVY;

(C) Saks bearing the "Maison Du Soir" label under Style No. 10245 and offered for sale at https://www.saksfifthavenue.com/product/maison-du-soir-grace-silk-tank-0400099127471.html; and,

(D) Zappos bearing the "Maison Du Soir" label under SKU 9178937 and offered for sale https://www.zappos.com/p/maison-du-soi-grace-tank-brick-red/product9172937/color/47939

/ / /

/ / /

/ / /

COMPLAINT

1    18. Below is a comparison of the Subject Design with exemplars of Infringing

2    Products, which feature segments of lace incorporating at least a portion of the exact

3    same unauthorized copy of the Subject Design:

4    **Klauber Design 608**                **Infringing Product**







COMPLAINT

19.  The above comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the design on the items is substantially similar to the designs at issue.

## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

20.   Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

21.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or Doe Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

22.   Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were an illegal derivation or modification thereof.

23.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and

- 7 -

COMPLAINT

by producing, distributing and/or selling garments which infringe the Subject Design through a nationwide network of retail stores, catalogues, and through on-line websites.

24.   Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

25.   Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

26.   Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiff's rights in the Subject Design in an amount to be established at trial.

27.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

28.   Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

- 8 -

COMPLAINT

29.    Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design alleged herein.

30.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

31.    By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

32.    Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design, in an amount to be established at trial.

33.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

/ / /

- 9 -

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against All Defendants**

With Respect to Each Claim for Relief

a.  That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b.  That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

c.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. §§ 101, *et seq.*;

d.  That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

e.  That Plaintiff be awarded pre-judgment interest as allowed by law;

f.  That Plaintiff be awarded the costs of this action; and

g.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

/ / /

/ / /

/ / /

- 10 -

COMPLAINT

1         PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE

2    PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE

3    UNITED STATES CONSTITUTION.

4                                          Respectfully submitted,

5

6    Dated: February 22, 2022     By:       */s/ Scott Alan Burroughs*

                                              Scott Alan Burroughs, Esq.

7                                                  Trevor W. Barrett, Esq.

8                                                  DONIGER / BURROUGHS

9                                                  Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                            - 11 -